(iKLEES, J.,
dissenting.
I respectfully dissent from the majority. It is apparent from the facts of this ease that the injury giving rise to the plaintiffs cause of action were usual at best. Nevertheless, the majority, in its opinion, places a high burden on the Plaintiffs shoulders. According to the majority, the Plaintiff must prove that he was not the cause of his injuries, and that other possible causes for his injuries were excluded except for the Defendant’s negligence.
Further, the majority opines that the evidence presented by the Plaintiff was neither direct nor circumstantial. I disagree. Circumstantial evidence does not require clear and convincing proof, only a rational inference from the facts. See Cangelosi v. Our Lady of Lake Med. Ctr., 564 So.2d 654 (La.1989). Thus, the Plaintiff in the case sub judice is only responsible for showing that the Defendant’s actions were the most plausible explanation for his injuries.
This Court recognizes an employer’s obligation to provide its employees with a safe working environment. However, when this environment is somehow altered by an unknown hazard, it follows that the Defendant, who controlled this environment, should bear the costs — even though the claimant only has circumstantial evidence. See Denton v. Critikon, Inc., 95-1602 (La.App. 1 Cir. 5/10/96), 674 So.2d 1169. Moreover, if this plaintiff was able to identify how the accident occurred, then the majority would not have placed such a huge burden on him.